# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **DARRYL JEANSONE ET AL** | **CIVIL ACTION NO. 1:07CV2163** |
| **VERSUS** | **JUDGE DRELL** |
| **JOE MYERS FORD ET AL** | **MAGISTRATE JUDGE KIRK** |

## MEMORANDUM IN OPPOSITION TO DEFENDANT, ACE AMERICAN'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

**MAY IT PLEASE THE COURT:**

Defendant Ace American Insurance Company ("Ace American"), insurer of Joe Myers Ford, filed a 12(b)(6) Motion to Dismiss on January 11, 2008.  In its' motion, Ace American asserts that plaintiffs, Darryl Jeansonne, et al have failed to state a claim upon which relief can be granted pursuant to the Louisiana Direct Action Statute.[1] Specifically, counsel for Ace American has stated that the case at bar (counsel automatically assumes there will be a dismissal of Joe Myers Ford on the basis of lack of personal jurisdiction pursuant to the Motion to Dismiss filed on behalf of Joe Myers Ford on January 11, 2008) does not meet any of the six limited circumstances set forth in the Louisiana Direct Action Statute which allows a plaintiff to bring an action against an insurer alone.

Plaintiffs respectfully disagree with opposing counsel pursuant to *Lightell v. Morris*[2] and *Fox v. Board of Supervisors of L.S.U.*[3] and maintain that if this court lacks personal jurisdiction over Joe Myers Ford (the insured),  service of citation pursuant to

---

[1] Louisiana Revised Statue 22:655
[2] 1993 WL 475485 (E.D. LA).
[3] 576 So.2d 978 (La. 1991).

1

the Long Arm Statute is invalid and cannot be made on the insured. Thus, plaintiff may bring an action against Ace American alone.

The case of *Lightell* is directly on-point with the issue before this Honorable Court. *Lightell v. Morris* arose from a car accident wherein the plaintiff sued Blackwell Tire Service, Inc. ("Blackwell") and its' insurer Nationwide Property and Casualty Insurance Company ("Nationwide"). Suit was originally filed in state court; removed to federal court on the basis of diversity jurisdiction; and finally, counsel for the defendant's filed motion to dismiss the action on the basis of lack of personal jurisdiction on behalf of Blackwell and argued that plaintiff, Lightell did not meet the requirements of the Direct Action Statute to sue Nationwide alone in Louisiana where its insured is not subject to personal jurisdiction. The court stated that:

> Concerning a Plaintiff suing an insurer without suing its insured, the Direct Action Statute provides, in pertinent part, that such is allowed if, 'service of citation or other process cannot be made on the insured.' This court finds that this subparagraph is satisfied when a Plaintiff cannot effect valid service on a Defendant because Louisiana lacks personal jurisdiction over that Defendant. Therefore, Plaintiff is entitled to bring and maintain this action against Nationwide Insurance even if the court finds that it lack personal jurisdiction over Blackwell.

The court further ruled and permitted the plaintiff to conduct jurisdictional discovery concerning personal jurisdiction over Blackwell. According to *Lightell*, even if this Honorable Court does not have personal jurisdiction over Joe Myers Ford (the insured), the plaintiffs may still bring an action in Louisiana against Ace American alone because service of citation cannot be validly made upon Joe Myers Ford.

The Louisiana Supreme Court in *Fox* held that Louisiana courts have personal jurisdiction over foreign insurance companies doing business in this state despite a lack of personal jurisdiction over the insured. In this instance, defendant, Ace American is

2

licensed to do and doing business in the state of Louisiana with an agent for service of process (i.e. the Secretary of State, Honorable Jay Dardenne). Thus, *Fox* provides alternative grounds for concluding that a Louisiana court has personal jurisdiction over Ace American even if this court lacks personal jurisdiction over Joe Myers Ford.

Jurisprudence clearly establishes that even if it is determined that this Honorable Court does not have personal jurisdiction over Joe Myers Ford, the plaintiff may still maintain an action against its insurer, Ace American in Louisiana. Thus, Ace American's 12(b)(6) Motion to Dismiss should be denied.

RESPECTFULLY SUBMITTED:
Attorney for the plaintiffs:

S:/_____
Brian Caubarreaux Bar Roll # 21522
Emily G. Meche Bar Roll # 31177
Brian Caubarreaux and Associates
P.O. Box 129
Marksville, LA 71351
Telephone: 318-253-0900
Facsimile: 1-318-253-5666

## CERTIFICATE

Undersigned counsel hereby certifies that a copy of the above and foregoing pleading to which this certificate is attached was filed electronically with the Clerk of Court using the CM/ECF system and has been forward to J. Brad Whitus and John T. Nesser by operation of the Court's electronic filing system and also by placing same in the United States Mail, postage prepaid and properly addressed as follows:

J. Brad Whitus
John T. Nesser
1000 Main Street, 36th Floor
Houston, TX 77002

Marksville, Louisiana this _____ day of January, 2008.

                                            S:/_____
                                            Brian Caubarreaux Bar Roll # 21522
                                            Emily Gremillion Meche Bar Roll # 31177
                                            Brian Caubarreaux and Associates
                                            P.O. Box 129
                                            Marksville, LA 71351
                                            Telephone: 318-253-0900
                                            Facsimile: 1-318-253-5666