UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL JEANSONNE, et al. | CIVIL ACTION NO. 07-2163 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| JOE MYERS FORD, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is defendant, Joe Myers Ford (Myers Ford), motion to dismiss, **Doc. #10**, referred to me by the district judge for report and recommendation. The motion seeks dismissal based on lack of personal jurisdiction over the defendant. Limited discovery on these issues has been completed.

### Background

Plaintiffs are Louisiana residents and sued defendants, Texas residents, alleging that defendants, Myers Ford, performed faulty repairs to plaintiffs' vehicle in Texas, resulting in an accident in Louisiana causing plaintiffs' vehicle to "bounce several times" The suit was filed in Louisiana state court and was removed to this court. Defendant claims that this court has no personal jurisdiction over it.

### Discussion

Myers Ford is a Texas limited liability company with its principal place of business in Houston. Myers Ford claims it has never conducted any business in Louisiana nor directed any advertising to Louisiana residents. Specifically, Myers Ford shows, among other things, that it:

1

--has never maintained any office or regular place of business in Louisiana

--has never had any employees in Louisiana

--has not recruited employees in Louisiana

--has never transacted business in Louisiana

--is not licensed to do business in Louisiana

--has never had a registered agent for service of process in Louisiana

--doesn't own property in Louisiana

--has not produced, marketed, or distributed goods, services, or products in Louisiana

--has not directed advertising to Louisiana residents

Thus, it argues, it has no "continuous and systematic contacts" with Louisiana sufficient to allow Louisiana to assert jurisdiction over it.

Plaintiffs counter that Myers Ford is subject to this court's jurisdiction because defendant has sufficient contacts with our State. First, plaintiffs show that Myers Ford has a website which is more than mere advertisement and that the consumer and Myers Ford can exchange information, including consumers applying for credit online. Plaintiffs claim that Myers Ford has an "internet department" staffed by 5 to 7 sales representatives. The website allows for email and telephone contact with the sales representatives. The website also allows consumers to print coupons redeemable for discounts on products.

Plaintiffs further show, through discovery, that Myers Ford has made 130 sales to Louisiana residents, 34 of which are as a result of its website. Plaintiff also alleges that Myers Ford has "done business with" Louisiana Ford dealerships in the form of transferring automobiles for sale.

2

Defendant counters that, although it does indeed maintain a website for all to view, no sales are made on the internet site and anyone wishing to purchase a vehicle form Myers Ford must physically travel to Houston to do so. Myers Ford explains that all of the 34 sales referred to by plaintiffs took place in Houston, Texas, not over the internet or in Louisiana. Myers Ford also suggests that the total sales to Louisiana residents have accounted for a mere 6/10 of one percent (.006) of its business and all occurred in Houston. Finally, Myers Ford explains that the "sales" to dealers in Louisiana are only vehicle transfers and Myers Ford does not solicit any business with Louisiana Ford dealers.[1]

The burden to make a prima facie showing that the defendants have meaningful contacts with Louisiana rests with the plaintiffs. Revell v. Lidov, 317 Fed. 3d 467 (5th C. 2002); International Shoe Co. v. State of Washington 66 S. Ct. 154, (1945); Wilson v. Belin, 20 Fed. 3d 644 (5th C. 1994), cert. den., 115 S. Ct. 322. The court must accept plaintiffs' uncontroverted allegations as true, but it may consider affidavits and other documentation resolving conflicts in favor of claimant. See Guidry v. U. S. Tobacco Co., Inc., 188 Fed. 3d 619 (5th C., 1999); Revell, supra.

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's Long Arm statute and as consistent with due process. Stripling v. Jordan Production Co., LLC, 234 Fed. 3d 863 (5th C. 2000). Louisiana's long arm statute extends

---

[1] Automobile dealerships routinely transfer vehicles which they have in stock to another dealer who has a customer that wants that particular vehicle. Usually the receiving dealer "trades" a vehicle in its inventory for the one its customer wants.

jurisdiction to the constitutional limits of due process. La. R.S. 13:3201(B).[2] <u>Burstein v. State Bar of California</u>, 693 Fed.2d 511 (5th C. 1982). Jurisdiction consistent with due process exists where the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." <u>Mink v. AAAA Development LLC</u>, 190 Fed. 3d 333, 336 (5th C. 1999) (quoting <u>International Shoe.</u>, supra).

---

[2] Louisiana's long arm statute provides:

"§3201. Personal jurisdiction over nonresidents
- A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
  (1) Transacting any business in this state.
  (2) Contracting to supply services or things in this State.
  (3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this State.
  (4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
  (5) Having an interest in, using or possessing a real right on immovable property in this state.
  (6) Non-support.
  (7) Parentage.
  (8) Manufacturing of a product or component thereof which caused damage or injury in this state.
- B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the constitution of the United States."

4

As the Fifth Circuit explained in Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th C. 2006), the Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Jurisdiction may be general or specific. Where a defendant has "continuous and systematic general business contacts" with the forum state, Helicopteros Nacionales de Colombia, S.A. v. Hall, 415, 104 S.Ct. 1868, (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9.FN2 Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868 n. 8. This case presents only the question of general jurisdiction; plaintiffs do not allege that defendants had any contacts with Louisiana in regard to the repair of the truck which might give rise to specific jurisdiction.

In this case, plaintiffs cite Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997) for the proposition that an analysis must be made of the "level of interactivity and commercial nature of the exchange of information" in order to determine whether the website supports a finding of jurisdiction. An internet site that is "mere advertising", i. e., a passive website whereby there is no direct contact and no information is exchanged is not enough to support jurisdiction.

Plaintiffs argue that Myers Ford's website is not mere advertisement because sales representatives may be contacted by e-mail and by phone and customers may apply for credit on the website. In Mink v. AAAA Development LLC, 190 F.3d 333 (5th C. 1999), the Fifth Circuit adopted

5

the Zippo analysis described above. In Mink, the court found that the website at issue was one that posted information about the company's products and services and, although it allowed consumers to print out a mail-in form, and provided a toll free telephone number and e-mail address, orders were not taken through the website. There was no evidence in Mink that the company conducted business over the internet "by engaging in business transactions with forum residents or by entering into contracts over the Internet." The court found it important that the website did not allow consumers to order or purchase products or services on-line. sufficient contacts to support general jurisdiction were not found.

The Fifth Circuit later held that the Zippo analysis is better suited to an analysis of specific jurisdiction rather than general jurisdiction in Revell v. Lidov, 317 F.3d 467 (5th C. 2002), noting that "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction–in other words, while it may be doing business *with* Texas, it is not doing business *in* Texas."

As in Revell, and Mink, I find that Myers Ford's contacts with Louisiana were not so continuous or substantial as to justify imposing jurisdiction over defendants. This case is quite similar–indeed practically identical– to the situation presented in Williams v. Frank Parra Auto Plex, Inc., 929 So.2d 755 (La. App 3d C. 2006), where the court, following Mink, found jurisdiction lacking. There the interactive website, like the one at bar, permitted the exchange of some information on the website. Nevertheless, no purchases could be made on the website and all sales were made in Texas, not Louisiana. See also, and to the same effect, Percle v. SFGL Foods, Inc. 356 F.Supp.2d 629 (M.D. La. 2004).

6

I find that the limited ability to exchange information on the Myers Ford website, including the ability to provide information to allow Myers Ford to check a customer's credit, the fact that coupons could be printed for later use at the dealership in Texas, and that an e-mail address and telephone number were provided are not sufficient minimum contacts to support jurisdiction in Louisiana. I further find that the number of sales to Louisiana customers, including the 34 made as a direct result of initial internet contact, is not sufficient–even when combined with the website activity-- to constitute minimum contacts with Louisiana. Compare Revell v. Lidov, supra, citing Bird v. Parsons, 289 F.3d 865 (6th C. 2002) (jurisdiction lacking despite the fact that over 4000 Ohio residents had registered domain names with defendant); Bearry v. Beech Aircraft Corp., 818 F.2d 370 (5th C. 1987).

I find that Myers Ford had insufficient contacts with Louisiana to justify the exercise of personal jurisdiction over defendants.

For the foregoing reasons, IT IS RECOMMENDED, that defendants' Motion to Dismiss be granted, and that plaintiffs' claims be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 8th day of May, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE