UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARRYL JEANSONNE, et al. | CIVIL ACTION NO. 07-2163 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| JOE MYERS FORD, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Defendant, Ace American Insurance Company (Ace), filed a motion to dismiss, **Doc. #12**, which is referred to me by the district judge for report and recommendation. The motion seeks dismissal under FRCP Rule 12(b)(6) of Ace in the event suit is dismissed against its insured, Joe Myers Ford (Myers Ford) (see doc. #10).

**Law and Analysis**

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. Nicastro v. Clinton, 882 F.Supp. 1128, *affirmed* 84 F.3d 1446. The complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Strother v. Southern California Permanente Medical Group. 79 F.3d 859 (9th Cir. Cal. 1996). In deciding the motion to dismiss, the function of the district court is to test the legal sufficiency of the complaint. City of Toledo v. Beazer Materials and Services, Inc., 833 F.Supp. 646 (N.D. Ohio 1993). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see*

1

Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992).

A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). In particular, a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Hirras v. National R.R. Passenger Corp., 10 F.3d 1142, 1144 (5th Cir. 1994), *vacated on other grounds*, 512 U.S. 1231, 114 S.Ct. 2732, 129 L.Ed.2d 855 (1994); Doe, 753 F.2d at 1102. On a motion to dismiss, it is presumed that general allegations embrace the specific facts that are necessary to support the claim. National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 114 S.Ct. 798, 803, 127 L.Ed.2d 99 (1994), *citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 112 S.Ct. 2130, 2137, 119 L.Ed.2d 351 (1992).

## Discussion

Plaintiffs are Louisiana residents and sued defendant, Joe Myers Ford, a Texas resident, along with Myers' insurer, Ace, alleging that Myers Ford performed faulty repairs to plaintiffs' vehicle in Texas, resulting in an accident in Louisiana causing plaintiffs' vehicle to "bounce several times" The suit was filed in Louisiana state court and was removed to this court. Defendant, Ace, claims that the Louisiana direct action statute does not allow suit to proceed against it where suit has been dismissed against its insured, barring applicability of one of the exceptions set forth in the direct action statute. Ace argues none of the exceptions apply.

Plaintiffs argue that the suit can proceed because one of the exceptions (to the requirement that the insured also be named a defendant) listed in the direct action statute is where service of

citation or other process cannot be made on the insured under LSA-R.S. 22:655(B)(1)(c).[1] Plaintiffs maintain that, if the insured is dismissed because there is no personal jurisdiction (minimum contacts), the service of process is "invalid" and the exception applies. Plaintiffs cite Lightell v. Morris, an unreported decision out of the Eastern District of Louisiana, 1993 WL 475485 and Fox v. LSU, 576 So.2d 978 (La. 1991) in support of their argument.

Lightell held that, if the court lacks jurisdiction over the defendant, then any service of process on it is invalid. As defendant correctly points out in brief, Lightell confused jurisdiction with service of process. The two are distinct and separate matters. See Henderson v. U. S., 116 S. Ct. 1638 (1996). I therefore respectfully reject the holding in Lightell as being incorrect as a matter of law as well as having limited precedential value to this court. Further, I find that Fox, supra, cited as support for its holding by the court in Lightell to be inapposite. Fox dealt with jurisdiction, not service of process. In this case, service of process was properly made and in response to that service of process defendants appeared in this court for the limited purpose of contesting jurisdiction. There was nothing invalid about the service of process which was actually made on the defendants. The exception set forth in subparagraph "c" of the direct action statute is not applicable in this situation.[2]

---

[1] LSA-R.S. 22:655 B.(1)(c) provides, in pertinent part:

"However, such action [against an insurer] may be brought against the insurer alone only when:
(c) Service of citation or other process cannot be made on the insured;"

[2] Even if the exception applied, plaintiff would have to show that Ace has minimum contacts with the State of Louisiana. See Jones v. MFA, 398 So.2d 10 (La. App. 3rd C. 1981); Morse v. Hartford, 301 So.2d 741 (La. App. 3rd C. 1974; McKeithen v. M/T Frosta, 435 F.Supp. 572 (E.D. La. 1977).

3

Therefore, in the event that Ace's insured, Joe Myers Ford, is dismissed, so should Ace be dismissed pursuant to FRCP Rule 12(b)(6).

For the foregoing reasons, IT IS RECOMMENDED, that defendant's motion to dismiss be granted, and that plaintiffs' claims against it be dismissed.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 29th day of May, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

4